**E-FILED**
Wednesday, 06 July, 2016  11:31:06 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **KEITH CHAMBERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:10-cv-3191** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Keith Chambers is currently serving a 14-year sentence in federal prison.  He has filed a motion seeking relief under Federal Rule of Civil Procedure 60(b)(4) (d/e 40).  For the reasons below, the motion (d/e 40) is DENIED, but the Court GRANTS Chambers a certificate of appealability.  If Chambers appeals, the Seventh Circuit may choose to consider whether Chambers may be entitled to relief given the unique nature of his circumstances.

## I.    Background

Chambers was sentenced to prison in 2008.  He opened this civil case in 2010, when he filed a motion under 28 U.S.C. § 2255, claiming that he had received ineffective assistance of counsel

during his sentencing hearing.  The Court appointed a lawyer, Jon Noll, under the Criminal Justice Act to represent Chambers in connection with the Section 2255 motion.  On September 21, 2012, the Court denied the Section 2255 motion and declined to issue Chambers a certificate of appealability.

On October 3, 2012, Noll filed a notice of appeal and told Chambers that his responsibilities as Chambers' CJA lawyer had ended.  Chambers then pursued his case as if he were a pro se litigant.  He requested and received hearing transcripts and began drafting arguments in support of his request for a certificate of appealability from the Seventh Circuit.

On December 7, 2012, after not receiving any information regarding his case from the Seventh Circuit for more than two months, Chambers reached out to Noll.  Chambers asked Noll to send him any documents Noll had received from the Seventh Circuit and to send a copy of any order Noll had received from the district court releasing Noll from his appointment as Chambers' lawyer.

Noll responded that he had not received any documents from the Seventh Circuit since early October and that he never receives an order releasing him from a CJA appointment.  After this letter,

Chambers never heard from Noll again and was unable to contact him.

Under the impression that he was now definitely a pro se litigant, Chambers began directing his questions to the Seventh Circuit's Pro Se Clerk.  Twice, Chambers explained his situation and asked about the process for appealing and submitting a brief in support of his request for a certificate of appealability.  Both times the Pro Se Clerk responded that because Noll was still Chambers' attorney of record, Noll would handle all the filings and receive all documentation regarding the case.  See Williams v. United States, 805 F.2d 1301, 1307 (7th Cir. 1986) ("Once … judgment has been entered in a federal habeas case, counsel may withdraw only upon the approval of this court [the Seventh Circuit]."), cert. denied, 481 U.S. 1039 (1987).

On March 30, 2013, Chambers wrote to this Court, summarizing his circumstances in a letter the Court characterized as a Motion to Request Counsel.  Noll filed a response to the motion explaining that Noll no longer represented Chambers, that Noll had submitted his final billing, and that Noll was not authorized to practice before the Seventh Circuit.  Again, Chambers believed that

this confirmed that he was now in a position to file a pro se brief in support of his request for a certificate of appealability, and he again asked the Seventh Circuit's Pro Se Clerk how to do so. But on May 9, 2013, the Seventh Circuit notified Chambers that his request for a certificate of appealability had been denied almost nine weeks earlier, on February 28, 2013. Indeed, on February 28, 2013, the Seventh Circuit had entered an order construing Chambers' notice of appeal as an "application for a certificate of appealability" and denying the application. Order, Chambers v. United States, No. 12-3278 (7th Cir. Feb. 28, 2013) ("We find no substantial showing of the denial of a constitutional right. … Accordingly, the request for a certificate of appealability is DENIED."); see also West v. Schneiter, 485 F.3d 393, 394 (7th Cir. 2007) ("A notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application.").

On March 20, 2015, Chambers filed with the Seventh Circuit a Motion for Relief under Federal Rule of Civil Procedure 60(b)(6). The Seventh Circuit denied the motion on the grounds that the motion was an impermissible second or successive habeas petition. Chambers then attempted to argue in a Rule 59(e) Motion to Amend

that his Rule 60(b)(6) motion was solely attacking a procedural defect in his habeas proceedings, but the Seventh Circuit concluded that it was not authorized to consider the motion to amend.

Now, Chambers has filed a motion asking for relief from this Court under Federal Rule of Civil Procedure 60(b).  Chambers argues that he was denied due process when the Seventh Circuit deprived him of an opportunity to make a substantial showing of a denial of his constitutional rights by not letting him file a brief in support of his request for a certificate of appealability after this Court denied his Section 2255 motion.  Chambers' Rule 60(b) motion was initially filed in his criminal case, but the Court directed the motion to be re-filed in this existing habeas proceeding.  (See Text order, United States v. Chambers, No. 08-30059 (C.D. Ill. Apr. 6, 2016).

## II. Rule 60(b) allows a court to relieve a habeas petitioner from a final judgment in rare circumstances.

Rule 60(b) allows a court to relieve a party from a final judgment.  If a habeas petitioner's Rule 60(b) motion raises claims challenging his conviction or sentence, the motion "should be considered a disguised second or successive § 2255 motion" and

must be dismissed for lack of jurisdiction.  <u>United States v.</u>
<u>Washington</u>, 653 F.3d 1057, 1063 (9th Cir. 2011), <u>cert.</u> <u>denied</u>, 132
S.Ct. 1609 (2012).  But a habeas petitioner can, in rare
circumstances, appropriately use Rule 60(b) to challenge a
procedural defect in the integrity of his habeas case itself.  <u>See</u>
<u>Gonzalez v. Crosby</u>, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an
unquestionably valid role to play in habeas cases."); <u>Ramirez v.</u>
<u>United States</u>, 799 F.3d 845, 850 (7th Cir. 2015) (prisoner may use
Rule 60(b) in "rare circumstances"); <u>Washington</u>, 653 F.3d at 1063-
64 (motion "alleg[ing] a defect in the integrity of the federal habeas
proceedings … constitutes a legitimate Rule 60(b) motion") (internal
quotation omitted).

 Here, Chambers' Rule 60(b) motion is not a back-door effort to
file a second or successive Section 2255 motion.  Chambers' Rule
60(b) motion does not directly attack his conviction or sentence, as
a Section 2255 motion would do.  Rather, Chambers' Rule 60(b)
motion is an effort to "reopen his existing section 2255 proceeding
and overcome a procedural barrier to its adjudication." <u>Ramirez</u>,
799 F.3d at 850.  The procedural barrier at issue is Chambers'
inability to file a brief in support of his request for a certificate of

appealability from this Court's denial of Chambers' Section 2255 motion.

Rule 60(b) contains six subsections providing justifications for relief, but the relevant subsections here are Rule 60(b)(4) and Rule 60(b)(6).  Rule 60(b)(4) allows a court to relieve a party from a judgment if the judgment is "void."  Fed. R. Civ. P. 60(b)(4).  Rule 60(b)(6) provides a catch-all, allowing a court to relieve a party from a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Chambers' motion cites Rule 60(b)(4), but Rule 60(b)(6) could also apply, and courts construe pro se motions liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[a] document filed pro se is to be liberally construed") (internal quotation omitted); United States v. Woods, 169 F.3d 1077, 1079 (7th Cir. 1999) ("Captions do not matter; the court must determine the substance of the motion.").

## III.  Chambers is not entitled to relief under Rule 60(b)(4).

Rule 60(b)(4) allows a court to relieve a party from a judgment if the judgment is "void."  Fed. R. Civ. P. 60(b)(4).  The rule applies "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process

that deprives a party of notice or the opportunity to be heard."
United States Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271
(2010).  If the litigant received certain fundamental procedural
protections, such as adequate notice and an opportunity to be
heard, then a violation of due process did not occur.  West v.
Champion, 363 Fed.Appx. 660, 663-64 (10th Cir. 2010) (district
court's application of procedural bar to petitioner's claim did not
violate due process where petitioner conceded he received adequate
notice of procedural bar and chose not to oppose its application in
three different courts); Cothrum v. Hargett, 178 Fed.Appx. 855,
857-58 (10th Cir. 2006) (no merit to petitioner's assertions that he
was denied "Access to Courts" and "Notice and [a] right to object"
when district court transferred petitioner's 60(b) motion to the
Tenth Circuit because petitioner was able to present his motions to
district court and had opportunity to argue his position in his
motion and his reply brief).

    Here, Chambers was denied an opportunity to be heard in the
Seventh Circuit to the extent he wished when he was prevented
from filing a brief in support of his request for a certificate of
appealability.  Chambers says this denial of his opportunity to be

heard constituted a violation of due process such that the judgment against him in his habeas case is void, making relief under Rule 60(b)(4) appropriate.

Chambers' argument has a degree of intuitive appeal. In order for the Seventh Circuit to issue a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. West v. Schneiter, 485 F.3d 393, 395 (7th Cir. 2007). But Chambers was not able to file a brief in which to present the case for why he had been denied a constitutional right. Rather, Chambers was able to file only a notice of appeal, which the Seventh Circuit has described as a "silent document." Id. at 395 ("A notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything."). Indeed, a petitioner "who relies [solely] on his notice of appeal is hard put" to make a showing of the denial of a constitutional right. Id. If a notice of appeal is not supplemented with any reasoning or support, what reason would the Seventh Circuit have to grant a certificate of appealability? Chambers found himself caught in the odd position of trying to make a substantial showing of what he considered to be a denial of a constitutional right, but being blocked from doing so.

Allowing Chambers to support his notice of appeal with some sort of brief, Chambers says, was necessary for Chambers to have had a meaningful opportunity to be heard on why the Seventh Circuit should issue him a certificate of appealability.  Therefore, Chambers says, relief under Rule 60(b)(4) is justified.

But for Chambers to be entitled to relief under Rule 60(b)(4), his inability to file a brief with the Seventh Circuit must have constituted a violation of due process such that the judgment against him in his habeas case is "void."  Fed. R. Civ. P. 60(b)(4). Here, the Court cannot conclude that Chambers' inability to file a brief with the Seventh Circuit in support of his request for a certificate of appealability constituted such a violation of due process.

First, the Court gave extensive consideration to Chambers' Section 2255 motion and provided Chambers with a considerable amount of "process" to begin with.  The Court directed the Government to respond to Chambers' Section 2255 motion, rather than summarily dismissing the motion.  After the Government responded, the Court appointed counsel to represent Chambers and scheduled an evidentiary hearing on Chambers' claims.  At the

hearing, both Chambers and his lawyer from the criminal case testified.  After the hearing, the Court allowed the parties to file post-hearing briefs.  Finally, after reviewing those briefs, the Court issued a 76-page opinion denying Chambers' Section 2255 motion.

Second, although Chambers was prevented from filing a brief in support of his request for a certificate of appealability from the Court's denial of the Section 2255 motion, no statute or Rule mandates that a Section 2255 petitioner be allowed to file such a brief.  At the district court level, the Rules Governing Section 2255 Proceedings impliedly authorize the district court to grant or deny a certificate of appealability <u>without</u> any briefing.  <u>See</u> Rule Governing Section 2255 Proceedings for the United States District Courts 11(a) ("the court <u>may</u> direct the parties to submit arguments on whether a certificate should issue") (emphasis added).  Similarly, at the appellate level, Federal Rule of Appellate Procedure 22(b)(2) contemplates that the Seventh Circuit may treat a notice of appeal itself as a request for a certificate and rule on the request without further briefing.  <u>See</u> Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request …").

Absent some authority directing otherwise—which Chambers has not cited and the Court has not found—the Court cannot find under the circumstances that being prevented from filing a brief in support of a request for a certificate of appealability from the Seventh Circuit constituted a due process violation such that the judgment against Chambers is void.

## IV.   Chambers may be entitled to relief under Rule 60(b)(6).

Rule 60(b)(6) allows a court to relieve a party from a judgment for "any other reason [not enumerated in Subsections (b)(1) through (b)(5)] that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case." West v. Champion, 363 Fed.Appx. 660, 664 (10th Cir. 2010) (internal quotation omitted); see also Ramirez v. United States, 799 F.3d 845, 851 (7th Cir. 2015) ("Rule 60(b)(6) is fundamentally equitable in nature.").  But in considering Rule 60(b)(6) motions, courts must balance the prevention of injustice with the desirability for finality of judgments.  Henness v. Bagley, 766 F.3d 550, 553-54 (6th Cir. 2014), cert. denied, 135 S.Ct. 1708 (2015).  Only "extraordinary circumstances" justify re-opening a final judgment under Rule 60(b)(6), and in the habeas context such extraordinary

circumstances "will rarely occur." <u>Gonzalez</u>, 545 U.S. at 535;
<u>Ramirez</u>, 799 F.3d at 851 ("At the same time, however … 'rarely'
does not mean 'never.'").

 Attorney abandonment can constitute an extraordinary
circumstance justifying relief under Rule 60(b)(6). <u>Ramirez v.
United States</u>, 799 F.3d 845 (7th Cir. 2015). In <u>Ramirez</u>, the
district court denied the petitioner's Section 2255 motion, but the
petitioner's lawyer failed to tell the petitioner and failed to request a
certificate of appealability. After learning that his lawyer had
abandoned him, the petitioner filed an untimely notice of appeal,
which the Seventh Circuit dismissed for lack of appellate
jurisdiction. The petitioner then filed with the district court a Rule
60(b)(6) motion, arguing that the lawyer had provided ineffective
assistance of counsel by causing the petitioner to miss the appeal
deadline. The district court denied the motion, finding that the
right to counsel did not extend to Section 2255 proceedings. On
appeal, the Seventh Circuit agreed with the petitioner that the
petitioner's Rule 60(b) motion was "not a disguised second or
successive motion under section 2255" because the petitioner was
"not trying to present a new reason why he should be relieved of

either his conviction or his sentence," but rather was "trying to
reopen his existing section 2255 proceeding and overcome a
procedural barrier to its adjudication." Id. at 850.  The Seventh
Circuit vacated the district court's denial of the Rule 60(b) motion
and held that the petitioner's argument was indeed "cognizable
under Rule 60(b)." Id. at 848, 856 ("The district court …
categorically denied Ramirez's motion under Rule 60(b)(6) without
discussing how postconviction counsel's performance affected the
integrity of the proceedings.  We agree with Ramirez that this
amounted to an abuse of discretion.").  The Seventh Circuit
remanded, directing the district court to grant the Rule 60(b)
motion and to reopen the Section 2255 proceedings.

To be sure, Chambers' circumstances are not as extreme as
the circumstances facing the Ramirez petitioner.  In Ramirez, the
petitioner's lawyer failed: (1) to tell the petitioner that the district
court had denied the Section 2255 motion; and (2) to file a notice of
appeal. Id. at 850 ("Most importantly, postconviction counsel
abandoned Ramirez on appeal, thus depriving him of the
opportunity to pursue his … claims.").  Here, Chambers' lawyer did
tell Chambers about the denial of Chambers' Section 2255 motion,

and Chambers' lawyer <u>did</u> file a notice of appeal.

But the two cases are substantively similar.  In both cases, the petitioners were prevented from presenting any argument to the Seventh Circuit as to why they should be granted a certificate of appealability—in <u>Ramirez</u> due to attorney abandonment and, for Chambers, at least arguably due to attorney abandonment, as his lawyer withdrew from representing Chambers without filing a motion to withdraw as required by <u>Williams v. United States</u>, 805 F.2d 1301, 1307 (7th Cir. 1986) ("Once … judgment has been entered in a federal habeas case, counsel may withdraw only upon the approval of this court."), <u>cert.</u> <u>denied</u>, 481 U.S. 1039 (1987).

The Seventh Circuit described the <u>Ramirez</u> lawyer's abandonment of Ramirez as "depriv[ing] Ramirez of the ability to <u>press</u> his … argument on appeal."  799 F.3d at 854 (emphasis added).  Chambers was similarly deprived of the ability to press his own arguments on appeal to the Seventh Circuit.  Although Chambers' lawyer did file a notice of appeal as explained above, a notice of appeal is a "silent document"—making it difficult, if not impossible, for a notice of appeal to make a substantial showing of the deprivation of a constitutional right.  <u>Schneiter</u>, 485 F.3d at 395

("a petitioner who relies on his notice of appeal is hard put to ... ma[k]e a substantial showing of the denial of a constitutional right") (internal quotation omitted).  Because Chambers was unable to supplement his notice of appeal with any reasoning or support, the Seventh Circuit had little reason to consider granting a certificate of appealability.

The Court finds that Chambers' inability to file a brief in support of his request for a certificate of appealability mirrors the circumstances facing the Ramirez petitioner enough to suggest, at a minimum, that Chambers may have a cognizable claim for relief under Rule 60(b)(6).  Accord Mackey v. Hoffman, 682 F.3d 1247, 1253 (9th Cir. 2012) (relief available under Rule 60(b)(6) where lawyer never told petitioner about habeas motion's denial, neglect "amounting to attorney abandonment"); see also Tanner v. Yukins, 776 F.3d 434, 436 (6th Cir. 2015) (reversing denial of Rule 60(b)(6) motion where circumstances causing untimely filing of notice of appeal were beyond petitioner's control).  Chambers was unable to file a brief with the Seventh Circuit in support of his request for a certificate of appealability from this Court's denial of his Section 2255 motion because his lawyer withdrew without filing a motion to

withdraw as required by <u>Williams</u>.  Allowing Chambers to submit a brief with the Seventh Circuit in support of his request for a certificate of appealability from this Court's denial of his Section 2255 motion would provide Chambers with the relief he seeks.

## V.   The Court denies Chambers' Rule 60(b) motion because the motion asks the Court, in effect, to overrule the Seventh Circuit.

As explained above, Chambers may have a cognizable claim for relief under Rule 60(b)(6).  But to grant Chambers relief under Rule 60(b), the Court would have to direct the Seventh Circuit to allow Chambers to submit to the Seventh Circuit a brief in support of his request for a certificate of appealability from this Court's denial of his Section 2255 motion, and the Court does not have the authority to enter such an order.  A district court has no authority to overrule a decision made by a superior court.  <u>Reiser v. Residential Funding Corp.</u>, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts.  Just as the court of appeals must follow decisions of the Supreme Court … so district judges must follow the decisions of this court whether or not they agree."), <u>cert. denied</u>, 543 U.S. 1147 (2005); <u>United States v. Castellanos</u>, 608

F.3d 1010, 1016 (8th Cir. 2010) ("Absent instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court.") (internal quotation omitted). Here, the Seventh Circuit already denied Chambers' request for a certificate of appealability from this Court's denial of Chambers' Section 2255 motion.  Moreover, Rule 60(b) outlines the circumstances under which a district court "may correct its <u>own</u> errors"—not the alleged errors of a higher court.  David G. Seykora, <u>Recall of Appellate Mandates in Federal Civil Litigation</u>, 64 Cornell L. Rev. 704 (1979).

In light of this procedural context, Chamber's Rule 60(b) motion (d/e 40) is DENIED.  Due to the unique circumstances facing Chambers, however, the Court GRANTS Chambers a certificate of appealability to appeal to the Seventh Circuit this Court's denial of Chambers' Rule 60(b) motion.  <u>West v. Schneiter</u>, 485 F.3d 393, 394 (7th Cir. 2007) (petitioner must obtain certificate of appealability before appealing denial of Rule 60(b) motion).  If Chambers appeals, the Court invites the Seventh Circuit to consider whether Chambers may be entitled to some relief, either directly from the Seventh Circuit or from this Court on remand.

IT IS SO ORDERED.

ENTER:  July 6, 2016

FOR THE COURT:                    <u>s/ Sue E. Myerscough</u>
                                       SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE